**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |   |
|---|---|---|
| | ) | |
| CHRISTOPHER JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-1474 (BAH) |
| | ) | |
| ARAMARK UNIFORMS, | ) | |
| | ) | |
| Defendant. | ) | |
_____ )

## MEMORANDUM OPINION

The plaintiff's complaint in this case states, in its entirety,:

> Selling uniforms to known and suspected gang members, illegal
> sale of uniforms, stalking, harassment

Compl. For these alleged wrongs, plaintiff demands judgment in the sum of $30 million. *Id.*

Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure on the ground that it fails to state a claim upon which relief can be granted. The

motion will be granted.[1]

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1]     Review of the docket of the Superior Court of the District of Columbia, *see*
https://www.dccourts.gov/cco/maincase.jsf, shows that plaintiff filed his complaint on April 20,
2011, and that he was proceeding *in forma pauperis*. "Notwithstanding any filing fee . . . that
may have been paid, the court shall dismiss the case at any time if the court determines that . . .
the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C.
§ 1915(e)(2)(B)(ii).

A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). The Supreme Court stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Plaintiff's complaint is a single grammatically incorrect sentence so lacking in factual allegations that the Court neither can infer defendant's alleged wrongdoing arising from the sale of uniforms nor discern any harm plaintiff has suffered because of such sales. The pleading offers no factual support for plaintiff's claims of stalking and harassment. In short, the complaint alleges no plausible claim against defendant, and, accordingly, the Court will grant defendant's motion and dismiss the complaint.

An Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*

DATE: August 30, 2011
BERYL A HOWELL
United States District Judge